UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>        Plaintiff,<br><br>   v.<br><br>SACRAMENTO COUNTY SUPERIOR COURT,<br><br>        Defendant. | No. 18-cv-0726 CKD P<br><br><u>ORDER AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

      Plaintiff is a Sacramento County Jail prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a),[1] his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the

---

[1] As is apparent from reviewing the docket, plaintiff claims his efforts to submit a completed application to proceed in forma pauperis in this action have been thwarted by Sacramento County Jail staff. Plaintiff currently has 39 cases pending in this court and 7 before the undersigned. In an effort to expedite these cases, some of which--including this one--are frivolous, the court accepts the application to proceed in forma pauperis filed in 2:18-cv-0725 AC (ECF No. 4) for purposes of this action.

1

initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In his complaint, plaintiff seeks $10,000,000 in damages from the Superior Court of Sacramento County for a conviction entered there on December 31, 2012 for plaintiff's failing to register as a sex offender. The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547 (1967). This being the case, plaintiff's complaint must be screened out under 28 U.S.C. § 1915A(a).

Normally the court grants leave to amend when screening out complaints under 28 U.S.C. § 1915A(a). Doing so here would be futile, however, as there are no cures for the defects in plaintiff's claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. The Clerk of the Court is directed to assign a district court judge to this case.

/////
/////
/////

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed;

2. This case be closed; and

3. This case be identified as a "strike" for purposes of 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 27, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hume0726.frs

3